UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

TRUSTEES OF LOCAL 111 PENSION FUND, <u>et ano</u>,

                              Plaintiffs,    <u>ORDER</u>

              - against -              CV 2007-0580 (NG)(MDG)

RUGGIERO BROS., INC.,

                              Defendant.

- - - - - - - - - - - - - - - - - -X

    Rachel Paster, counsel for plaintiffs, has moved by letter application dated June 25, 2008 to compel defendant Ruggiero Brothers, Inc. (the "defendant") to comply with a subpoena requiring the defendant to produce certain documents. <u>See</u> ct. doc. 17. Ms. Paster supplemented the application by providing this Court with a copy of the subpoena as well as an affidavit of service. <u>See</u> ct. doc. 18. As set forth in Ms. Paster's letter application, an accountant for defendant failed to produce the documents despite having promised to do so by May 31, 2008. <u>See</u> ct. doc. 17 at 1-2.

    Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice. Fed. R. Civ. P. 45(a)(3). Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served. <u>See</u>, <u>e.g.</u>, Advisory

Committee Notes, 1991 Amendment to Fed. R. Civ. P. 45; <u>Board of Govenors of Federal Reserve System v. Pharaon</u>, 140 F.R.D. 634, 641-42 (S.D.N.Y. 1991).

Absent an improperly issued subpoena or an "adequate excuse" by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued. Fed. R. Civ. P. 45(e). <u>See</u> also <u>Daval Steel Products v. M/V Fakredine</u>, 951 F.2d 1357, 1364 (2d Cir. 1991) Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena. <u>See</u> Practice Commentary to Rule 45(e), 28 U.S.C. ¶C45-26.

Having examined the subpoena and affidavit of service indicating that the plaintiffs served the subpoena on the defendant by serving the New York Secretary of State, the Court finds that the subpoena in question is valid and was properly served upon the defendant.

## <u>CONCLUSION</u>

The defendant, Ruggiero Bros., Inc., is hereby ORDERED to comply with the subpoena. It must produce the documents requested in the subpoena by July 28, 2008.

**RUGGIERO BROS., INC. is warned that if it fails to comply with this order, it could be subject to contempt proceedings for failure to respond to the subpoena and this order. If found in**

**contempt of the subpoena or this order, it could be subject to sanctions, including imposition of a monetary fine, attorneys fees and costs.  If the failure to comply continues, the court could impose more severe sanctions, including instituting contempt proceedings.**

    **SO ORDERED.**

Dated:    Brooklyn, New York
             July 1, 2008

                                            /s/_____
                                            MARILYN D. GO
                                            UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Ruggiero Brothers, Inc.
P.O. Box 903
Bronx, NY 10467
    and
Ruggiero Brothers, Inc.
3650 White Plains Road
Bronx, NY 10467